UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL CARL ROBERT GARDNER,  Case No. 2:19-cv-00262-MK

    Plaintiff,  OPINION AND ORDER

  v.

CHRISTY HUTSON; B. CLARK; J. DUVAL; JOHN and JANE DOES,

    Defendants.

_____

KASUBHAI, Magistrate Judge:

    Plaintiff, an inmate at Eastern Oregon Correctional Institution (EOCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff failed to exhaust his administrative remedies and cannot establish a violation of his rights. Defendants' motion is granted.

BACKGROUND

    In October 2015, plaintiff was assessed by the Behavior Health Services (BHS) staff of the Oregon Department of Corrections (ODOC) and given a provisional diagnosis of Bipolar I

1 -   OPINION AND ORDER

Disorder, due to his reported diagnosis of bipolar disorder while housed at the Douglas County Jail. Clark Decl. ¶ 4. BHS staff also assessed a "rule out" diagnosis of Anti-Social Personality Disorder (ASPD) and Substance Dependence. *Id*.

On November 17, 2015, plaintiff was diagnosed with ASPD and a rule out diagnosis of Narcissistic Personality Disorder. *Id.* ¶ 7.

On December 15, 2016, plaintiff was provisionally diagnosed with Bipolar I Disorder with psychosis, with a rule out diagnosis of ASPD. *Id.* ¶ 24.

On April 11, 2017, BHS staff completed a diagnostic review of plaintiff's symptoms and mental health treatment and updated his diagnosis from bipolar disorder to ASPD. Clark Decl. ¶¶ 39, 69. BHS determined that the diagnosis and criteria of ASPD better corresponded with plaintiff's symptoms and behaviors after reviewing his symptoms, treatment, and BHS records. *Id*. ¶¶ 69-70.

On February 21, 2019, plaintiff filed the instant action.

## DISCUSSION

Plaintiff alleges that defendants violated his rights under the Eighth Amendment by failing to provide adequate mental health treatment after the update of his diagnosis in April 2017. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) ("An inmate must rely on prison authorities to treat his medical needs"). Plaintiff maintains that defendants were not qualified to diagnose him and have prevented him from obtaining the mental health treatment he needs.

Defendants move for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies and cannot establish deliberate indifference to his medical needs. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v.*

2 -   OPINION AND ORDER

*Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

    A.  <u>Failure to Exhaust Administrative Remedies</u>

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006). Importantly, inmates are required to exhaust all available grievance remedies before filing a § 1983 action, including appealing the grievance decision to the highest level within the grievance system. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

Although the exhaustion requirement is mandatory, it is not absolute; if the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (citation omitted). This burden is met

when the prisoner shows that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless prevented or interfered with the prisoner's attempts to exhaust. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

At all relevant times, ODOC employed a three-step grievance and appeal process. *See former* Or. Admin. R. 291-109-0140. Generally, an inmate is required to file a grievance within thirty days of the alleged condition or incident. *Id.* 291-109-0150(2). If a grievance is accepted, the inmate may appeal the response to the grievance within fourteen calendar days. *Id.* 291-109-0170(1)(b). If the first appeal is denied, the inmate may file a second appeal within fourteen days of the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal is final and not subject to further review. *Id.* 291-109-0170(2)(f).

In June 2017, plaintiff submitted Grievance No. EOCI 2017-06-028 regarding the adequacy of his mental heal evaluation. Sobotta Decl. ¶ 14 & Att. 5. BHS staff responded to the grievance, and plaintiff appealed the response. *Id.* ODOC responded to plaintiff's first appeal, and plaintiff did not file a second appeal to that response. *Id.* Accordingly, plaintiff did not exhaust the administrative grievance process for his claim.

Plaintiff does not dispute defendants' argument regarding exhaustion, and he presents no evidence to show that he fully exhausted his grievance by filing a second appeal. Further, plaintiff does not show that he took reasonable and appropriate steps to exhaust his grievance and was nonetheless unable to complete the grievance process. Therefore, summary judgment is warranted on this ground.

    B.  <u>Deliberate Indifference to Mental Health Needs</u>

Regardless of exhaustion, plaintiff cannot establish a violation of his Eighth Amendment rights. To sustain an Eighth Amendment claim for deliberate indifference to serious medical

needs, plaintiff must establish the existence of "a serious medical need" and show that "defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need exists if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citation omitted). Deliberate indifference may be demonstrated by the denial of or intentional interference with medical treatment, or by the manner in which medical treatment is provided. *Id.*; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

Plaintiff alleges that defendants' update of his diagnosis in April 2017 rendered him ineligible for certain medications, skills coaching, and individual counseling sessions. Plaintiff claims that defendants' misdiagnosis of his condition and the resulting failure to provide adequate mental health treatment has caused him to suffer severe psychological trauma, including daily hallucinations, manic depression, extreme anxiety, and paranoia.

Essentially, plaintiff disagrees with his updated diagnosis and the nature of services he receives. However, plaintiff's disagreement with his mental health providers cannot sustain an Eighth Amendment claim. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). It is well established that a "'difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Rather, plaintiff must show that his mental health treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to his health. *Hamby*, 821 F.3d at 1092 (citation omitted). Based on the undisputed facts of record, plaintiff cannot make this showing.

5 -   OPINION AND ORDER

The record makes clear that plaintiff continued to receive BHS services and mental health treatment after his diagnosis was updated to ASPD. Clark Decl. ¶¶ 40-45, 50-66 & Att. 1. For example, plaintiff obtained prescription medications, received numerous appointments with mental health providers, and participated in group counseling treatment. *Id.* Thus, plaintiff does not meet the standard of deliberate indifference to his serious medical needs.

Alternatively, defendants are entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam) (citation and quotation marks omitted). Reasonable prison officials in defendants' position would not have known that reassessing plaintiff's mental health diagnosis and adjusting his treatment accordingly would constitute deliberate indifference to plaintiff's medical needs under the Eighth Amendment.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 19) is GRANTED, and plaintiff's claims are DISMISSED with prejudice.

DATED this 21st day of August 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge